IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01677-RMR-CYC

DANIEL JOSEPH DAVISON,

    Plaintiff,

v.

LELAND DUDEK, Commissioner of the United States Social Security Administration,[1]
THE UNITED STATES SOCIAL SECURITY ADMINISTRATION, and
THE UNITED STATES,

    Defendants.

---

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    Defendants Leland Dudek, the United States Social Security Administration (the "SSA"), and the United States, move to dismiss plaintiff Daniel Joseph Davison's claims against them under Federal Rules of Civil Procedure 12(b)(1) and (6) (the "Motion"). ECF No. 56. It is clear that the plaintiff has sought relief for a significant amount of time. But the Social Security Act only grants federal courts a limited amount of jurisdiction over Social Security claims in circumstances not present here. Accordingly, the Court **RECOMMENDS** that the Motion be **GRANTED** and the action be dismissed without prejudice. The Court also **DENIES** the defendants' motion to strike the plaintiff's surreply, ECF No. 74, in the interests of justice and **DENIES** as moot the defendants' motion to stay discovery, ECF No. 57, given the recommendation to dismiss the case.

---

[1] Leland Dudek has become Acting Commissioner of Social Security and is substituted for former Commissioner Martin O'Malley as Defendant in this case. *See* Fed. R. Civ. P. 25(d).

## BACKGROUND

According to the Amended Complaint, whose factual allegations the Court accepts as true for this Motion, *Galindo v. Off. of the Chief Admin. Hearing Officer*, 856 F. App'x 746, 751 (10th Cir. 2021) (unpublished) (citation omitted), on December 6, 2006, a vehicle traveling sixty miles per hour struck the plaintiff, gravely injuring him at the age of eighteen. ECF No. 10 ¶ 17. The accident caused him to be permanently disabled and disfigured. *Id.* As a result, the plaintiff says, the SSA owes him large sums of money and, over the years, has wrongfully denied him the full benefits to which he is entitled under the Social Security Act. *Id.* ¶¶ 8-9, 18-19.

On June 14, 2024, the plaintiff commenced this action. ECF No. 1. He amended his claims as of right two weeks later, *see* ECF No. 10; Fed. R. Civ. P. 15(a)(1), and asserts four claims for relief under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346, 2671-80: (1) misfeasance; (2) negligence; (3) negligent infliction of emotional distress; and (4) strict liability, ECF No. 10 ¶¶ 20-44, as well as a breach-of-contract claim. *Id.* ¶¶ 45-48.

The Motion followed. ECF No. 56.

## ANALYSIS

The defendants challenge the Court's jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, federal courts "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Subject matter jurisdiction can generally be established by a federal question or diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction authorizes original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties in the United States," 28 U.S.C. § 1331,

while diversity jurisdiction enables federal courts to hear cases where the "matter in controversy exceeds the sum or value of $75,000" and the parties are diverse in citizenship. 28 U.S.C. § 1332.

When a party challenges a court's subject matter jurisdiction, the party can seek dismissal under Federal Rule of Civil Procedure 12(b)(1), as the defendants do here. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). Dismissing under Rule 12(b)(1) is not a judgment on the merits, but only a determination that the court lacks authority to hear the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) (citation omitted). The moving party may seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) in two forms: (1) facial attack or (2) factual challenge. *Equal Employment Opportunity Comm'n v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1361 (D. Colo. 2023). Where, as here, the moving party is "facially attack[ing] the complaint's allegations as to the existence of subject matter jurisdiction," courts will accept a complaint's allegations as true. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). The Amended Complaint cannot withstand that attack here.

To begin, the Amended Complaint itself invokes diversity jurisdiction. ECF No. 10 ¶ 11. But it is a longstanding principle that the "United States is not a citizen for diversity purposes, and federal agencies and administrators cannot be sued in diversity." *Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670 (10th Cir. May 1, 2024) (unpublished) (citing *Texas v. Interstate Comm. Comm'n*, 258 U.S. 158, 160 (1922)). Here, the only defendants are the United States; one of its agencies, the SSA; and one of its officers, the SSA's Commissioner. As such, diversity jurisdiction does not exist.

Nor does federal-question jurisdiction exist here. 42 U.S.C. § "405(h) 'make[s] exclusive the judicial review method set forth in § 405(g) . . . in a typical Social Security . . . benefits case, where an individual seeks a monetary benefit from the agency [such as] a disability payment.'" *Parker v. Comm'r, SSA*, 845 F. App'x 786, 788 (10th Cir. 2021) (unpublished) (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (alterations in original)). That statute "provides that § 405(g), to the exclusion of" more general federal question jurisdiction provided by "28 U.S.C. § 1331, is the sole avenue for judicial review for all" such claims. *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984). Section 405(g), in turn, limits review to only "final decision[s] of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977). The applicable regulations provide that the SSA makes a final decision only after a disability claimant has completed four steps: (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) a request for review by the Appeals Council. 20 C.F.R. § 416.1400(a). To invoke federal-question jurisdiction, then, the plaintiff needed to allege that he followed that path or otherwise satisfied the final-decision requirement.

He did not. The Amended Complaint seeks a monetary benefit from the SSA and never invokes section 405(g). *See* ECF No. 10. And while the plaintiff avers in his surreply[2] that he included section 405(g) in his Civil Cover Sheet, ECF No. 74 at 1-2, the cover sheet itself states that "information contained herein neither replace[s] nor supplement[s] the filing and service of pleadings or other papers as required by law." ECF No. 10 at 16. The Civil Cover Sheet,

---

[2] A surreply requires leave of court. *Pirnie v. Key Energy Servs., LLC*, No. 08-cv-01256-CMA-KMT, 2009 WL 1386997, at *1 (D. Colo. May 15, 2009). The plaintiff never requested such leave and, as such, the defendants moved to strike the surreply. ECF No. 75. But the *pro se* plaintiff's surreply does not change the outcome here, and the Court therefore considers it in the interests of justice.

4

therefore, cannot bear the weight the plaintiff puts on it. *See Myers v. Hummel*, 11-CV-00400-KMT-KLM, 2012 WL 1020519, at *5 (D. Colo. Mar. 26, 2012). More fundamentally, simply mentioning the correct statutory reference in the Amended Complaint would not, without more, have been enough. The Amended Complaint, for example, "does not allege that [the plaintiff] sought and obtained an ALJ hearing or review by the Appeals Council of [his] objections to the SSA." *McLellan v. Comm'r, Soc. Sec. Admin.*, No. 18-CV-00070-MSK, 2019 WL 7049992, at *3 (D. Colo. Dec. 22, 2019), *aff'd sub nom. McLellan v. Comm'r, SSA*, 843 F. App'x 97 (10th Cir. 2021) (unpublished). It therefore does not allege the facts to establish jurisdiction under 42 U.S.C. § 405(g) even if it had properly invoked the statute. Federal courts must construe *pro se* plaintiffs' pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers," but it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, therefore, cannot make the necessary allegations missing from the Amended Complaint on the plaintiff's behalf.

The plaintiff protests. *Weinberger v. Salfi*, 422 U.S. 749 (1975), he says, left open the possibility of methods other than section 405(g), such as mandamus, of exercising jurisdiction over a Social Security claim. ECF No. 72 at 3. But "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Ringer*, 466 U.S. at 616. The plaintiff does not allege facts showing that he has exhausted all other avenues of relief and, given that it is his duty to establish subject-matter jurisdiction, *Port City Props.*, 518 F.3d at 1189, *Salfi* provides no alternative basis for jurisdiction here.

5

The plaintiff further protests that the final decision requirement within section 405(g) can be waived. ECF No. 72 at 3. That is true as far as it goes, but it does not take the plaintiff very far. For one thing, "[o]rdinarily, the Secretary [of Health and Human Services] has discretion to decide when to waive the exhaustion requirement," *Bowen v. City of N.Y.*, 476 U.S. 467, 483 (1986), and there is no indication that the Secretary has done so here. For another, although there is a "category of cases 'where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate,'" *Liberty All. of the Blind v. Califano*, 568 F.2d 333, 345 (3d Cir. 1977) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)), this occurs when "(1) full exhaustion would be futile, (2) [the claimant] has suffered irreparable harm, and (3) he states a colorable constitutional claim that is collateral to his substantive claim of entitlement to social security benefits." *Parker*, 845 F. App'x at 789 n.3 (citing *Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir. 1993); *Eldridge*, 424 U.S. at 330-32). Amongst other things, here, the plaintiff has not asserted any constitutional claim.

The short of it is that 42 U.S.C. § 405(g) provides a limited grant of jurisdiction in Social Security benefits cases, and the plaintiff neither properly invoked the statute nor provided facts in his Amended Complaint showing the administrative exhaustion that would support such an invocation. The Amended Complaint, then, should be dismissed. Because the dismissal is one for lack of jurisdiction, it should be without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). Should the plaintiff refile his action, he should specify the steps taken to meet the jurisdictional prerequisites of section 405(g) in his complaint.

In light of the recommendation that the Motion be granted, the defendants' pending Motion to Stay, ECF No. 57, is **DENIED** as **MOOT**. *See Estate of Martinez v. Taylor*, 176 F. Supp. 3d 1217, 1233 (D. Colo. 2016).

6

## CONCLUSION

For the foregoing reasons, the Court

1. **RECOMMENDS** that the Motion to Dismiss, ECF No. 56, be **GRANTED** and that the claims against the defendants be **DISMISSED** without prejudice;

2. **ORDERS** that the Motion to Strike, ECF No. 75, be **DENIED**; and

3. **ORDERS** that the Motion to Stay, ECF No. 57, be **DENIED** as **MOOT**.[3]

Respectfully submitted this 28th day of March, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.